## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DANNY-LOUIS JOHNSON,

        Plaintiff,

        v.

CORVIAS MANAGEMENT-ARMY, LLC,

        Defendant.

Case No. 5:26-cv-04010-HLT-RES

### MEMORANDUM AND ORDER

Plaintiff Danny-Louis Johnson brings this pro se lawsuit against Defendant Corvias Management-Army, LLC.[1] Plaintiff resided in on-base housing at Fort Riley, and Defendant was the property manager. Plaintiff alleges Defendant unlawfully entered his residence on multiple occasions and evicted him. Plaintiff asserts a variety of claims under 42 U.S.C. § 1983, the Servicemembers Civil Relief Act (SCRA), and Kansas law.

Defendant moves to dismiss under Rule 12(b)(6). Doc. 17. Defendant contends Plaintiff's § 1983 claims fail because Defendant is not a state actor, his SCRA claim fails because his service dates are unclear and Defendant is not the landlord, and his state law claims fail because they are either foreclosed by the federal enclave doctrine or are inadequately pleaded. The Court agrees on all issues and finds that further amendment would be futile. The Court grants the motion and dismisses the claims with prejudice <u>except</u> the trespass claim, which is dismissed without prejudice.

---

[1] The Court liberally construes Plaintiff's pro se filings and holds them to a less stringent standard than those drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate. *Id.*

## I.    BACKGROUND[2]

Plaintiff was a military servicemember who resided in privatized and rented military housing at Fort Riley in Kansas. Riley Communities, LLC is the property owner. Defendant is the property manager.[3]

Defendant forcibly entered Plaintiff's property on September 25, 2024, and damaged the front door. Defendant again entered Plaintiff's property on November 20, 2024. On or about December 1, 2025, Plaintiff was "removed" from the rental property without a court order after Defendant's employee entered through a window.  Plaintiff could not conduct a walk-through inspection of the premises or retrieve his personal property. Plaintiff did not receive formal documentation relating to his eviction.

## II.    LEGAL STANDARD

A complaint survives a Rule 12(b)(6) motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted). A plausible claim is one with enough facts for the court to infer "the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility," but it "is not akin to a 'probability requirement.'" *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation and citation omitted). On a motion to dismiss, a court ignores a complaint's

---

[2]    The following facts are taken from the operative complaint and are accepted as true for purposes of evaluating the motion to dismiss.

[3]    This fact and the fact that Riley Communities, LLC is the property's owner are taken from the lease agreements Plaintiff entered. These agreements were not attached to the operative complaint. But the Court can consider them without converting Defendant's motion into one for summary judgment because these documents were referred to in the complaint, are central to Plaintiff's claims, and their authenticity is not disputed. *See Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999).

legal conclusions and assumes the truth of the complaint's well-pleaded nonconclusory factual allegations *Id.* at 678-79. It also draws all reasonable inferences from those allegations in the plaintiff's favor. *Dyno Nobel v. Steadfast Ins. Co.*, 85 F.4th 1018, 1025 (10th Cir. 2023).

## III.    ANALYSIS

Plaintiff asserts multiple claims against Defendant. Plaintiff contends Defendant is liable under § 1983 for violating his Fourth and Fifth Amendment rights. Plaintiff alleges Defendant is liable under the SCRA for wrongfully evicting him without a court order. And Plaintiff alleges a variety of Kansas state-law claims (i.e., intentional infliction of emotional distress, wrongful eviction, breach of the covenant of quiet enjoyment, breach of contract, and trespass). Defendant argues that each claim is legally deficient.

### A.    § 1983 Unlawful Search and Seizure

Plaintiff asserts a § 1983 claim and alleges that Defendant violated his Fourth and Fifth Amendment rights by entering his residence without authority and seizing it. But Plaintiff's claim lacks an essential element. A § 1983 claim requires a state actor. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). But Defendant is a private company and is not a state actor. Plaintiff tries to argue that Defendant acted in concert with the Fort Riley military police. To be sure, private entities can be subject to § 1983 liability under certain circumstances if they act "jointly" with a state actor. *See, e.g.*, *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453-58 (10th Cir. 1995). But Plaintiff still fails to allege the existence of state (rather than federal) action even if he shows Defendant engaged in joint action with military police. This is because Fort Riley is a federal enclave, and United States Army personnel are federal—not state—actors. *See generally Tinch v. United States*, 189 F. Supp. 2d 313, 318-19 (D. Md. 2002) (observing that U.S. Air Force personnel were federal, not state, actors and dismissing the plaintiff's § 1983 claims).

Because § 1983 "is not directed at conduct by federal officials" and because the conduct of federal officers is "facially exempt from § 1983['s] proscriptions," Defendant cannot be liable under it. *Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 869 (10th Cir. 2016) (internal quotation omitted). Plaintiff has not plausibly alleged an essential element of his § 1983 claim. Amendment would be futile. The Court dismisses this claim with prejudice.

### B.    Wrongful Eviction under the SCRA

Plaintiff next alleges that Defendant wrongfully evicted him in violation of the SCRA, 50 U.S.C. § 3951(a)(1). This section states:

> [e]xcept by court order, a landlord (or other person with paramount title) may not[ ] evict a servicemember . . . during a period of military service of the servicemember, from premises[ ] . . . that are occupied or intended to be occupied primarily as a residence[.]

Another section creates a private right of action for a person "aggrieved by" a violation of § 3951(a)(1). *See id.* at § 4042(a).

Defendant notes two deficiencies with this claim: (1) Plaintiff does not plausibly allege that he was a servicemember at the time of "eviction,"[4] and (2) the SCRA's eviction provision applies only to a "landlord (or another person with paramount title)" and Defendant is neither. First, the Court agrees that Plaintiff does not plausibly allege that he was a servicemember when evicted from the rental property. This is an essential element that is missing from his pleaded claim. And amendment is futile because Plaintiff affirmatively states that his discharge date is November 14, 2025, and his "eviction" date was December 1, 2025 (i.e., the alleged eviction occurred after his discharge). He does contend that Defendant issued the notice to vacate on October 16, 2025, while he remained in military service. But he does not explain how the notice to vacate satisfies the

---

[4]    Defendant resists the characterization that Plaintiff was evicted from his rental property.

statutory language or otherwise supports a claim. He provides no analysis, rationale, or legal authority on this point.

Second, Plaintiff does not meaningfully respond to Defendant's argument that the SCRA eviction provision applies only to a "landlord (or another person with paramount title)." Here, Defendant is not the landlord; it is the property manager. And Plaintiff's theory of liability against Defendant for this claim is unclear. Neither the face of his complaint nor his response to Defendant's motion outlines a cogent theory for SCRA liability against Defendant. Plaintiff's only responses are that "Defendant acted in an eviction capacity" and that Defendant is an "agent." Doc. 20 at 7. But he does not articulate how either satisfies the statutory language or otherwise supports a claim against <u>Defendant</u>. He provides no analysis, rationale, or legal authority.

Plaintiff acts pro se, but the Court can't serve as his legal counsel or his research assistant. As a pro se party Plaintiff is merely entitled to have his pleadings liberally construed. This means that where the Court "can reasonably read the pleadings to state a valid claim on which [Plaintiff] could prevail, it should do so despite [Plaintiff's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. But this does not obligate the Court to rewrite Plaintiff's pleading or construct arguments for him. Nor does it obligate the Court to "explore exhaustively all potential claims" he might have. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). The Court is not his advocate and will not develop legal theories or make arguments for Plaintiff that he hasn't advanced. Dismissal of this claim with prejudice is warranted because Plaintiff fails to articulate any theory that renders this claim legally plausible.

**C.     Intentional Infliction of Emotional Distress, Wrongful Eviction, Breach of the Covenant of Quiet Enjoyment, Breach of Contract, and Trespass.**

The remaining claims stem from Kansas state law. Plaintiff alleges intentional infliction of emotional distress, wrongful eviction, breach of the implied covenant of quiet enjoyment, breach of contract, and trespass. Defendant explains that Fort Riley is a federal enclave and that these claims did not exist in 1889 when Fort Riley was ceded to the federal government, so they must be dismissed. The Tenth Circuit has recognized the United States Constitution as the source of the federal enclave doctrine and has explained:

> A federal enclave is created when a state cedes jurisdiction over land within its borders to the federal government and Congress accepts that cession. These enclaves include numerous military bases, federal facilities, and even some national forests and parks. Federal enclave doctrine operates as a choice of law doctrine that dictates which law applies to causes of action arising on these lands.
>
> It is well-established that after a state has transferred authority over a tract of land creating a federal enclave, the state may no longer impose new state laws on these lands. But state laws enacted before the cession continue to apply unless Congress specifically overrides them.

*Allison v. Boeing Laser Tech. Servs.*, 689 F.3d 1234, 1235 (10th Cir. 2012) (citing U.S. Const. art. I, § 8, cl. 17).[5] Plaintiff does not dispute that Fort Riley is a federal enclave governed by federal law but contends most of his claims still survive. The Court addresses each claim below.

**Intentional Infliction of Emotional Distress (IIED).** Defendant contends this claim did not exist in 1889 and cites *Roberts v. Saylor*, 637 P.2d 1175, 1180 (Kan. 1981), which discusses the development of the claim. Defendant puts the existence of this claim at the time Fort Riley was ceded to the federal government in play, and Plaintiff makes no meaningful attempt to respond and show that this claim existed (let alone that it existed in its current form) in 1889. Plaintiff thus fails

---

[5]     There is a presumption that the United States acquired jurisdiction for land acquired before 1940 (like Fort Riley). *United States v. Cassidy*, 571 F.2d 534, 536-37 (10th Cir. 1978).

to show that his IIED claim is plausible. Amendment is futile because it appears Defendant is correct, namely that Kansas did not recognize IIED at the time of Fort Riley's cession. It appears this claim is a creation of modern tort law. *See* Dan B. Dobbs, The Law of Torts § 43 (2000). And it seems to have been first recognized in Kansas in the 1970s as a tort called "outrage." *See Young v. Hecht*, 597 P.2d 682, 687 (Kan. Ct. App. 1979) (discussing *Dawson v. Assocs. Fin. Servs. Co.*, 529 P.2d 104 (1974), and its progeny).

**Wrongful Eviction and Quiet Enjoyment.** Defendant argues these claims stem from the Kansas Residential Landlord Tenant Act (KRLTA) and did not exist at the time of cession. Plaintiff does not address these claims in his opposition. The claims are therefore abandoned and dismissed with prejudice. *See Brown v. Nationwide Ins. Co.*, 2023 WL 4174064, at *9 (10th Cir. 2023) (affirming with prejudice dismissal of a claim after the plaintiff abandoned it by failing to argue in support of it in response to the defendant's motion to dismiss). Alternatively, the claims are dismissed with prejudice because they appear to be based on the KRLTA (at least Plaintiff never contests this characterization), which did not become part of Kansas law until 1975.

**Breach of Contract.[6]** Defendant argues that it isn't a party to the lease agreement and cannot be bound by it. The Court agrees. The lease agreement is a contract between Plaintiff and "Riley Community, LLC." *See* Doc. 17-3 at 4. Defendant is not a party, is not bound by it, and cannot be held liable under it. *See generally, e.g., Land Grant Ry. & Trust Co. v. Davis Cnty. Com'rs*, 1870 WL 484, at *8 (Kan. 1870) (observing that a contract must exist between the parties

---

[6]    Defendant contends this claim relies on "legal standards developed by Kansas courts long after the 1889 cession" and cites a case from this District that uses a pattern jury instruction for the elements of a breach of contract claim. Doc. 17 at 8. To the extent Defendant is arguing that the breach of contract theory Plaintiff is advancing is a creation of modern contract law, Defendant doesn't meaningfully develop this argument. For his part, Plaintiff merely insists without citation that contracts were enforced in Kansas before the 1889 cession. The Court does not resolve this issue because the claim suffers from another obvious flaw.

for a party to be bound in contract by its terms). The Court dismisses this claim with prejudice because amendment cannot change the contract language.

**Trespass.**[7] Defendant argues that Plaintiff has failed to allege sufficient nonconclusory facts that would plausibly entitle him to relief. The Court agrees. Plaintiff alleges that Defendant entered his property at various times and dates. But Plaintiff alleges little else to substantiate this claim. And what he does allege (e.g., Defendant "forcibly" and "unlawfully" entered the property) is conclusory. Stated differently, Plaintiff alleges entry but fails to offer nonconclusory allegations that Defendant's entry was done without authority. *Cf. Spencer v. Milsap & Singer, LLC*, 2021 WL 1564596, at *8 (D. Kan. 2021) (noting that the plaintiff failed to state a plausible trespass claim where the plaintiff merely alleged its property's location and the dates on which the defendant entered it). Assuming the elements of an 1889 Kansas trespass claim are substantially similar to modern trespass claims, this is not enough.

The Court dismisses this lone claim without prejudice. It is not clear that amendment is futile. But, if Plaintiff pursues this claim in a subsequently filed case, he should be aware of the necessity of pleading it such that recovery is more than merely possible but is plausible. Plaintiff should also be prepared to respond meaningfully to any argument a defendant might make about the federal enclave doctrine and should be wary of the preclusive effects that any prior litigation that addressed the lawfulness of Defendant's entry into his rental property (including the suppression ruling in his court martial) might have on subsequent claims of trespass.

---

[7] As with breach of contract, Defendant argues that Plaintiff's trespass claim relies on state legal standards that post-dated Fort Riley's cession and cites to a mid-20th Century Kansas Supreme Court case that used the Restatement of Torts to define trespass's elements. Doc. 17 at 8 (citing *Riddle Quarries v. Thompson*, 279 P.2d 266, 269 (Kan. 1955)). To the extent Defendant is arguing there is some aspect of trespass's modern formulation that is necessary for Plaintiff's trespass claim to survive, Defendant does not develop meaningfully this argument. For Plaintiff's part, he merely insists without citation to authority that the tort of trespass is a "centuries-old common-law tort." Doc. 20 at 6. Again, the Court does not reach this issue because neither side develops it and because there is another obvious flaw.

## IV.    CONCLUSION

For the above reasons, the Court grants Defendant's Rule 12(b)(6) motion. Doc. 17. Plaintiff's amended complaint (Doc. 11) is dismissed with prejudice <u>except</u> for the trespass claim. The Court explained above why dismissal with prejudice for all claims except trespass is appropriate. This outcome is further warranted based on the posture of the case. Plaintiff filed his original complaint, and Defendant moved to dismiss raising many of the same arguments. Plaintiff then amended to overcome these arguments, and Defendant moved again. Plaintiff's claims are still legally deficient, and nothing in the record suggests that another round of pleading and motion practice will yield a different outcome. For this additional reason, dismissal with prejudice is warranted for all claims except trespass.

THE COURT THEREFORE ORDERS that Defendant's motion to dismiss for failure to state a claim (Doc.17) is GRANTED.

This case is closed. Under Fed. R. App. P. 4(a), Plaintiff has 30 days from the date of judgment to file a notice of appeal.

IT IS SO ORDERED.

Dated: August 5, 2026                    /s/ *Holly L. Teeter*
                                         HOLLY L. TEETER
                                         UNITED STATES DISTRICT JUDGE